# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

TIBY SAUNDERS-GOMEZ )
)
Defendant-Below/Appellant, )
)
v. ) C.A. No.: CPU4-13-003588
)
RUTLEDGE MAINTENANCE )
CORPORATION, )
)
Plaintiff-Below/Appellee. )

Submitted: January 10, 2016
Decided: February 25, 2016

Tiby Saunders-Gomez
404 Pigeon View Lane
New Castle, DE 19720
*Self-Represented Appellant*

Edward J. Fornias, III, Esquire
Law Office of EJ Fornias, P.A.
615 West 18th Street, Lower Level
Wilmington, DE 19802
*Attorney for Appellee*

## MEMORANDUM OPINION AND ORDER
## ON APPELLEE'S REQUEST FOR ATTORNEY'S FEES

This is a breach of contract action arising out of alleged non-payment of homeowner's assessment fees by Defendant-Below/Appellant Tiby Saunders-Gomez ("Saunders-Gomez"). Plaintiff-Below/Appellee Rutledge Maintenance Corporation ("Rutledge") claimed that Saunders-Gomez failed to pay yearly homeowner's assessment fees. The Court held a two-day trial on November 23–24, 2015, and entered judgment in favor of Rutledge and against Saunders-Gomez in the amount of $1,062.00. The Court also granted Edward Fornias, counsel for Rutledge, leave to submit an Affidavit in Support of Attorney's Fees.

On November 30, 2015, Rutledge submitted an affidavit requesting an award of $8,975.83, and attached an accounting of the entire amount. On January 6, 2016, Saunders-

Gomez filed an affidavit opposing Rutledge's request; however, Saunders-Gomez's affidavit does not address the reasonableness of Mr. Fornias' attorney fees. Instead, she rehashes issues that the Court already disposed of at or before trial. Therefore, the Court deems Rutledge's request as unopposed. Nonetheless, the Court will determine whether the attorney's fees requested in Rutledge's Affidavit are reasonable under Delaware law.

## DISCUSSION

Delaware courts adhere to the American rule, which provides that parties bear their own costs of litigation unless there is a contractual or statutory basis for the award of attorney's fees.[1] The Declaration in this matter requires homeowners to pay for reasonable attorney's fees incurred as a result of Rutledge initiating a lawsuit in order to collect delinquent assessment fees.[2] Therefore, Rutledge is entitled to request attorney fees from Saunders-Gomez. The Court, however, has discretion in determining whether the requested fees are reasonable.[3] For guidance, the Court relies on the Delaware Lawyers' Rules of Professional Conduct, particularly Rule 1.5, which provides a number of factors that the Court should consider in determining the reasonableness of attorney's fees:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and,
> (8) Whether the fee is fixed or contingent.[4]

---

[1] *Dixon v. Council of Cliff House Condominium*, 2009 WL 5455537 at *3 (Del. Com. Pl. Dec. 8, 2009).
[2] J. Ex. 1, ¶ 1(d).
[3] *Maple Hill Homeowners Ass'n v. Newton*, 2015 WL 1205283 at *3 (Del. Com. Pl. mar. 9, 2015); *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 353 (Del. 2013).
[4] Del. Lawyers' R. Prof'l. Conduct 1.5(a).

These factors are not exclusive, nor will each factor be relevant in assessing the reasonableness of attorney's fees.[5] The Court also considers "whether the number of hours devoted to litigation was excessive, redundant, duplicative or otherwise unnecessary."[6] The Court will address the factors to be considered determining the reasonableness of a fee *in seriatim*:

**(1)** ***The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly***;

Rutledge's claim was a straightforward breach of contract action. After Rutledge filed the Complaint on Appeal, however, Saunders-Gomez engaged in extensive motion practice, which required Mr. Fornias to prepare responses and attend multiple hearings on behalf of Rutledge.[7] The amount of time and labor Mr. Fornias spent litigating this matter was more than reasonable.

**(2)** ***The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer***;

As indicated above, this case was a straightforward breach of contract action. Mr. Fornias' acceptance of this matter would not have obviously precluded him from accepting other cases.

**(3)** ***The fee customarily charged in the locality for similar legal services***;

As mentioned *supra*, the amount of time and labor Mr. Fornias spent litigating this matter was more than reasonable. His calculation of attorney's fees is based on a reasonable reduced hourly rate of $200.00 per hour, "a competitive rate" in light of Mr. Fornias' nearly twenty years of experience.[8]

---

[5] Del. Lawyers' R. Prof'l. Conduct 1.5(a) cmt.

[6] *Mahani v. Edix Media Group, Inc.*, 935 A.2d 242, 247 (Del. 2007).

[7] The Court notes that most of the billed hours listed in Mr. Fornias' Amended Affidavit in Support of Attorney's Fees were incurred as a result of responding to the several motions that Saunders-Gomez filed. In fact, at multiple times throughout litigation, the Court informed Saunders-Gomez of the possibility of her paying for Rutledge's attorney's fees as a result of her excessive motion practice.

[8] *Bayview Manor II Maintenance Corp. v. Alkhatib*, 2015 WL 4789762 at *3 (Del. Com. Pl. Apr. 30, 2012).

**(4)** *The amount involved and the results obtained;*

In Plaintiff's Amended Complaint, Rutledge demanded $1,989.05 together with costs, interest and attorney's fees. Ultimately, the Court awarded Rutledge $1,062.00. Thus, in terms of results obtained, Rutledge succeeded. The fact that the amount of attorney's fees Rutledge requests exceeds the amount of judgment awarded has no bearing on the determination of whether the request for attorney's fees in this case is reasonable.

**(5)** *The time limitations imposed by the client or by the circumstances;*

This factor does not appear to be an issue in this case.

**(6)** *The nature and length of the professional relationship with the client;*

The Court has no knowledge of the nature and length of the professional relationship involved in this case, and therefore, gives no weight to this factor.

**(7)** *The experience, reputation, and ability of the lawyer or lawyers performing the services; and,*

Mr. Fornias is an experienced member of the Bar, and has been practicing in Delaware for nearly twenty years. His patience and diligence in litigating this matter, particularly in responding to Saunders-Gomez's several pre-trial motions—most of which were considerably verbose—is notable.

**(8)** *Whether the fee is fixed or contingent.*[9]

Mr. Fornias' fee was neither fixed nor contingent, but instead, was based upon an hourly rate charged for services rendered. In reviewing Mr. Fornias' Affidavit, the Court concludes the time Mr. Fornias devoted to the litigation was appropriate, and in no way excessive, redundant, duplicative or otherwise unnecessary.[10] Indeed, the Court notes that Mr. Fornias did not include any of the attorney fees incurred in connection with Rutledge's filing of its Motion to Amend the

---

[9] Del. Lawyers' R. Prof'l. Conduct 1.5(a).
[10] *Mahani* at 247.

Complaint on Appeal, and subsequently its Amended Complaint on Appeal.[11] While it is unlikely the Court would have approved such fees, the Court commends Mr. Fornias for deducting these fees on his own initiative.

## ORDER

For the foregoing reasons, the Court finds that the attorney's fees Rutledge requested are reasonable, and grants Rutledge's request for attorney's fees and costs in the amount of $8,975.83.

**IT IS SO ORDERED.**

The Honorable Carl C. Danberg,
Judge

cc:     Tamu White, Judicial Case Management Supervisor

---

[11] *See* Am. Aff. In Support of Att'y Fees; *see also* Pl. Resp. to Def.'s Opp'n to Request for Att'y Fees, ¶ 4.